11-3269-ag
Chen v. Holder

BIA
Bain, IJ
A089 915 634

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of July, two thousand twelve.

PRESENT:
>        REENA RAGGI,
>        RICHARD C. WESLEY,
>        CHRISTOPHER F. DRONEY,
>             *Circuit Judges*.

_____

ZUNIAN CHEN,
>        *Petitioner*,

>        v.                                          11-3269-ag
>                                                    NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent*.

_____

FOR PETITIONER:        Lewis G. Hu, New York, NY.

**FOR RESPONDENT:** Tony West, Assistant Attorney General; Lewis E. Perez, Senior Litigation Counsel; Elizabeth D. Kurlan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Zunian Chen, a native and citizen of China, seeks review of a July 11, 2011, order of the BIA affirming the April 19, 2010, decision of Immigration Judge ("IJ") Quynh Vu Bain, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zunian Chen*, No. A089 915 634 (B.I.A. July 11, 2011), *aff'g* No. A089 915 634 (Immig. Ct. N.Y. City Apr. 19, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established.

2

*See* 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. DHS*, 494 F.3d 281, 289 (2d Cir. 2007).

Chen challenges the agency's denial of asylum and withholding of removal, arguing that the harm he suffered in China constituted persecution on account of a protected ground. To be eligible for asylum or withholding of removal, an applicant must show persecution on account of race, religion, nationality, political opinion, or a particular social group. *See* 8 U.S.C. § 1101(a)(42). Chen argues that the Chinese government persecuted him on account of his imputed political opinion when he was arrested, detained and beaten in 2004 and 2005 for protesting the amount of compensation the government offered for the condemnation of his real property. Here, the agency reasonably found that the harm Chen suffered in China was not on account of a statutorily protected ground. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 547–49 (2d Cir. 2005); *Matter of N-M-, 25 I. & N.* Dec. 526, 529 (B.I.A. 2011).

Claims of persecution for opposing economic policies require the agency to engage in a "factual inquiry" into the broader political context to determine whether the dispute bears a political dimension. See Yueqing Zhang, 426 F.3d at

3

547. In this case, the agency adequately considered the economic and physical harm Chen suffered for protesting the compensation offered and reasonably concluded, based upon the record evidence, that the government did not arrest, detain and beat him because of an actual or imputed political opinion. *See* *i.d.* (*requiring* showing that "asylum seeker did not merely seek economic advantage but mounted a challenge to the legitimacy and authority of the ruling regime itself").

Because Chen failed to demonstrate past persecution on account of a protected ground, he is not entitled to a presumption of future persecution. *See* 8 C.F.R. § 1208.13(b)(1). Chen does not identify any separate basis for future persecution or argue that he has a well-founded fear apart from the past harm.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

4

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk